IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>        v.<br><br>PHILIP ZOEBISCH,<br><br>    Defendant. | Civil No. 09-cv-05207<br>(RMB/KMW)<br><br><br>**MEMORANDUM ORDER** |

**BUMB, United States District Judge:**

Before this Court is Plaintiff's motion to enforce (Dkt. Ent. 90) the settlement agreement reached between the parties on February 24, 2012 (the "Settlement Agreement"). On that date, the Court set forth the terms of the parties' Settlement Agreement on the record and conducted a colloquy to ensure that the parties entered into the Settlement Agreement voluntarily and without coercion or duress. (See Feb. 24, 2012 Tr., Dkt. Ent. 89.) The only thing that remained to be done was the execution of the written documents memorializing the terms of the Settlement Agreement. The Court then issued an Order of Dismissal, dismissing the action "without prejudice to the right, upon motion and good cause shown, within 60 days, to reopen this action." (Dkt. Ent. 86.) The Order further provided that "[i]f any party shall move to set aside this Order of

1

Dismissal as provided in the above paragraph or pursuant to the provisions of Fed. R. Civ. P. 60(b), in deciding such motion the Court retains jurisdiction of the matter to the extent necessary to enforce the terms and conditions of any settlement entered into between the parties." (Id.)

On April 20, 2012 – 56 days after the Court entered its Order of Dismissal – Philip Zoebisch (the "Defendant") submitted a letter to the Court in which he stated that "I must refuse the Settlement Agreement." (Dkt. Ent. 87.) Four days later (but still within 60 days of the Order), Plaintiff requested that the Court not dismiss the matter. (Dkt. Ent. 88.) Plaintiff's letter request informed the Court of its intention to order the February 24 hearing transcript and to file a motion to enforce the Settlement Agreement. (Id.)

On July 18, 2012, the transcript of the February 24 settlement proceedings became available on the electronic docket. On February 25, 2013, one year and one day[1] after the

---

[1] Plaintiff argues that, pursuant to the methods for computing time set forth in Federal Rule of Civil Procedure 6(a), its motion to enforce the Settlement Agreement was filed within one year of the Order of Dismissal. (Dkt. Ent. 100 at 2.) However, this argument is only relevant if the Court construes the motion as a Rule 60(b) motion seeking relief from a final judgment or order. See Fed. R. Civ. P. 60(c) ("A motion under Rule 60(b) must be made within a reasonable time—and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding."). As set forth below, because Plaintiff already had filed a timely request to reopen

2

Court entered its Order of Dismissal, Plaintiff submitted its motion to enforce the Settlement Agreement. (Dkt. Ent. 90.)

This Court held oral argument on Plaintiff's motion on September 9, 2013, during which it found that a settlement agreement was reached on February 24, 2012, the principle terms were specifically set forth on the record, and Defendant intelligently, knowingly, and voluntarily had manifested his intention to be bound by those terms. The Court further noted that the written Stipulation of Settlement, drafted by Plaintiff after the settlement proceedings (the "Stipulation"), accurately memorialized the terms of the Settlement Agreement as set forth on the record. However, with the parties' agreement, paragraphs two and four of the Stipulation were modified to address objections made by Defendant.

After the Court verbally issued its decision to enforce the Settlement Agreement and explained its reasoning, Defendant then challenged the timeliness of Plaintiff's motion to enforce and thereby raised the issue of the Court's jurisdiction to enforce the Settlement Agreement. The Court ordered the parties to submit supplemental briefing addressing this issue (Dkt. Ent. 98), which the parties have now done. For the reasons set forth below, the Court finds that it has jurisdiction to decide

---

the matter, the Court does not interpret the motion to enforce as a Rule 60(b) motion.

3

Plaintiff's motion to enforce the Settlement Agreement and will grant that motion for the reasons set forth on the record during the September 9, 2013 hearing.

As an initial matter, neither the Federal Rules of Civil Procedure nor the Local Civil Rules provide a time period or limitations period specifically applicable to a motion to enforce a settlement agreement. Although Defendant attempts to impose a 30-day deadline upon Plaintiff for filing its motion to enforce the Settlement Agreement, he cites no authority in support of this position. Moreover, Defendant's suggestion that the Settlement Agreement automatically became "null and void" upon Plaintiff's failure to file a motion to compel settlement within those 30 days (Dkt. Ent. 103) is unsupported by law.

However, before the Court can entertain Plaintiff's motion to enforce, it must determine whether it has subject matter jurisdiction to do so. It is well-settled that "because motions concerning enforcement of settlement agreements represent 'more than just a continuation or renewal of the dismissed suit[,]' a court must specifically retain jurisdiction over the enforcement proceedings . . . ." Crescent Recovery, LLC v. Account Portfolio Mgmt., LLC, No. 07-4857, 2009 WL 3855952, at *6 (D.N.J. Nov. 18, 2009) (quoting Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 378 (1994)). The Court's Order of Dismissal contemplated continued jurisdiction in two circumstances:

4

(1) "upon motion and good cause shown, within 60 days, to reopen this action if the settlement is not consummated"; and (2) upon the filing of a Rule 60(b) motion to set aside the Order. Because both Plaintiff and Defendant sought the Court's intervention within sixty days of the entry of the Order, the first circumstance applies here.

Although Defendant's April 20, 2012 letter did not specifically seek to reopen the case, it did inform the Court that Defendant refused to settle because he no longer found the settlement agreement to be advantageous. (See Dkt. Ent. 87.) Mindful that pro se pleadings are to be liberally construed, Erickson v. Pardus, 551 U.S. 89 (2007), the Court construes Defendant's letter as a motion to reopen the matter to permit revocation of the Settlement Agreement. Cf. Crescent Recovery, LLC, 2009 WL 3855952, at *6 (construing motion filed outside the initial 60-day period as a Rule 60(b) motion despite the plaintiff's failure to initially characterize it as such). The propriety of the Court's construction is supported by Defendant's supplemental submission, in which he makes clear that he intended for his April 20 letter to have the same effect as a motion to reopen but that he did not understand it was necessary to file such a motion.[2]

---

[2] Defendant also argues that "[i]gnorance of Federal Rules by a pro se defendant must be excused." However, parties that choose

5

However, for substantially the same reasons the Court explained on the record on September 9, 2013, the Court does not find that Defendant's motion, as construed, demonstrates good cause to reopen the case to vacate the Settlement Agreement. As an agreement-in-principle had already been reached by the parties on February 24, 2012, Defendant's "buyer's remorse" as to the terms of the Settlement Agreement into which he voluntarily and clearly stated his intention to enter does not justify reopening the case to permit litigation to proceed. See, e.g., United States v. Lightman, 988 F. sup. 448, 463 (D.N.J. 1997) ("Where a party to an agreement-in-principle suddenly changes its mind and refuses to execute the written contract without explanation, the court must enforce the agreement."); Ballard ex rel. Ballard v. Phila. Sch. Dist. 273 F. App'x 184, 187 (3d Cir. 2008) ("[T]he District Court did not abuse its discretion under Local Rule 41.1(b) by declining to find good cause in Ms. Ballard's request to void the settlement agreement

---

to proceed pro se are expected to comply with the Federal Rules of Civil Procedure. See, e.g., Sykes v. Blockbuster Video, 205 F. App'x 961, 963 (3d Cir. 2006) (noting that "ignorance of the rules would not provide good cause to excuse" failure to comply with those rules regardless of whether the party is represented by counsel). Nevertheless, the Court has afforded Defendant significant latitude throughout this proceeding and continues to do so today. Furthermore, Defendant's suggestion that this Court has failed to account for Defendant's pro se status is based upon a comment taken completely out of context and, more importantly, it is belied by the Court's course of conduct throughout these proceedings.

and reopen the case."). Similarly, to the extent that Defendant now moves to set aside the Order of Dismissal pursuant to Federal Rule of Civil Procedure 60(b)(6) (see Dkt. Ent. 103 at 4), Defendant has failed to demonstrate "extraordinary circumstances" justifying such relief. See Perez v. Verizon, No. 04-5247, 2006 WL 1796899, at *4 (D.N.J. June 28, 2006) ("[Plaintiff's] subsequent disagreement with certain of the terms in the proposed settlement agreement does not justify a finding that the settlement is unenforceable and that the Court's order dismissing the case should be vacated [pursuant to Rule 60(b)(1) and (6)].").[3] Accordingly, both Defendant's motion to reopen to revoke the Settlement Agreement and his motion to vacate dismissal pursuant to Rule 60(b)(6) are denied.

Plaintiff also requested that the Court reopen the matter. Plaintiff's April 25, 2012 letter request informed the Court that based upon Defendant's purported repudiation of the Settlement Agreement, Plaintiff intended to file a motion to

---

[3] See also Joseph v. W. Manheim Police Dep't, 131 F. App'x 833, 835 (3d Cir. 2005) (finding "no reason to vacate the settlement" where the plaintiff voluntarily entered a settlement agreement but later claimed he had made a mistake in doing so because the costs of his lawsuit exceeded the settlement amount); Longo v. First Nat'l Mortg. Sources, No. 07-4372, 2010 WL 3169276, at *4 (D.N.J. July 14, 2010) ("Under New Jersey law, this Court must enforce the agreement despite Plaintiffs' change of heart."); Shernoff v. Hewlett-Packard Co., No. 04-4390, 2006 WL 3511188, at *4 (D.N.J. July 17, 2006) ("Only after the parties entered an oral settlement agreement did plaintiff have a change of heart . . . . Plaintiff's 'second thoughts' cannot render an otherwise enforcement agreement invalid.").

7

enforce the Settlement Agreement. That request was timely-filed within the 60-day window for such requests. Rather, when some time had passed without a decision from the Court, Plaintiff proceeded to file its motion. The Court now addresses Plaintiff's motion to reopen and, finding good cause exists to reopen the matter so as to permit the Court to enforce the Settlement Agreement, hereby grants Plaintiff's motion. See Trian Grp., Ltd. P'ship v. Accident and Cas. Ins. Co. of Winterthur, No. 98-1026, 2006 WL 1784310, at *2 (D.N.J. June 26, 2006) (noting court would have had jurisdiction to enforce settlement agreement if parties had moved to reinstate the action within 60 days of the order of dismissal); see also Max Control Sys., Inc. v. Indus. Sys., Inc., No. 99-2175, 2001 WL 1160760, at *2 (E.D. Pa. July 30, 2001) ("[A] case which has been dismissed under Rule 41.1(b) can be re-opened when a party has shown good cause for the sole reason of enforcing the terms of the settlement agreement." (citing Phila. Training Ctr. v. State of Georgia, 822 F. Supp. 239, 241 (E.D. Pa. 1993))).

    The Court's finding of good cause is further supported by its clear intention to retain jurisdiction with respect to the Settlement Agreement. See Sawka v. Healtheast, Inc., 989 F.2d 138, 141-42 (3d Cir. 1993) (acknowledging that district courts may exercise jurisdiction over a motion to enforce a settlement if "a settlement is part of the record, incorporated into an

8

order of the district court, or the district court has manifested an intent to retain jurisdiction"); Kelly v. Greer, 334 F.2d 434 (3d Cir. 1964). Specifically, after being informed of the parties' interest in settling the matter, and with the understanding that this Court would not be acting as the fact-finder in any trial, the Court presided over a settlement conference between the parties. When the parties reached an agreement to settle the matter, the Court ensured that the terms of that Settlement Agreement were set forth on the record. As such, it may properly exercise jurisdiction over Plaintiff's motion to enforce the Settlement Agreement. Cf. Sander Sales Enters., Ltd. v. Saks, Inc., 245 F. App'x 108, 111 (3d Cir. 2007) ("By incorporating the terms of the settlement in its dismissal Order, the District Court retained jurisdiction over its enforcement."); Maue v. Keating, No. 05-3691, 2009 WL 2989052, at *1 (D.N.J. Sept. 17, 2009) (finding no subject matter jurisdiction to enforce settlement where motion was not filed within 60 days of the order of dismissal, settlement was not part of the record, and plaintiff did not seek to reinstate the matter); Guzman v. Nirvana Pool & Spa, LLC, No. 08-5423, 2011 WL 108953, at *1 (D.N.J. Jan. 12, 2011) (finding no subject matter jurisdiction to enforce the settlement where motion to enforce was not filed within 60 days of the order of dismissal and settlement was not made part of the record).

Turning to Plaintiff's motion to enforce the Settlement Agreement, the Court addressed the parties' arguments during the September 9, 2013 hearing. To wit, the Court finds that an agreement-in-principle to settle this matter was reached on February 24, 2012. It further finds that the parties manifested their "intention to be bound by that oral agreement, notwithstanding that a later execution of a formal contract [was] contemplated," see Lightman, 988 F. Supp. at 460, and therefore it will enforce the terms of the Settlement Agreement. See id. at 463 ("Where a party to an agreement-in-principle suddenly changes its mind and refuses to execute the written contract without explanation, the court must enforce the agreement."). Based upon its review of the draft Stipulation, the Court finds that the terms of that Stipulation accurately reflect the terms of the Settlement Agreement that were placed on the record but will modify paragraphs two and four in the manner discussed during the September 9 hearing.

ACCORDINGLY, FOR THESE REASONS and the additional reasons set forth on the record at the September 9, 2013 hearing,

**IT IS** on this, the **18th** day of **October 2013**, hereby

**ORDERED** that Defendant's motion to reopen the action to revoke the Settlement Agreement is DENIED; and it is further

10

**ORDERED** that, upon good cause shown, Plaintiff's motion to reopen the action to enforce the Settlement Agreement is GRANTED; and it is further

**ORDERED** that Plaintiff's motion to enforce the settlement is GRANTED; and it is further

**ORDERED** that Defendant shall comply with the terms of the Settlement Agreement as set forth during the February 24, 2012 hearing, and as memorialized in the Stipulation of Settlement, with the modifications to paragraphs two and four that were discussed during the September 9, 2013 hearing; and it is further

**ORDERED** that the Clerk of the Court shall close this file.

<u>s/Renée Marie Bumb</u>
RENÉE MARIE BUMB
UNITED STATES DISTRICT JUDGE